UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
REGINALD CLIFFORD KELLY and
RA MAA NU AMEN BEY,

                         Plaintiffs,

    -against-

DEUTSCHE BANK TRUST CORPORATION,
C/O REGISTERED AGENT, CT CORPORATION
SYSTEM; A/K/A DEUTSCHE BANK NATIONAL
TRUST COMPANY, IN TRUST FOR THE
REGISTERED HOLDERS OF AMERIQUEST
MORTGAGE SECURITIES INC., ASSET-
BACKED PASS-THROUGH CERTIFICATES,
SERIES 2004-R12, INDIVIDUALLY AND AS A
TRUSTEE,

                         Defendant.
------------------------------------------------------------- x

MEMORANDUM AND ORDER
14-cv-6732 (ENV) (MDG)

VITALIANO, D.J.

        On November 17, 2014, plaintiffs Reginald Clifford Kelly and Ra Maa Nu Amen Bey, appearing pro se, filed a complaint against defendant Deutsche Bank National Trust Company, In Trust for the Registered Holders of Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-R12, Individually and as Trustee ("Deutsche Bank"), alleging that Deutsche Bank, Kelly's mortgagee, had violated the Fair Debt Collection Practices Act ("FCDPA") through its foreclosure proceedings. Compl., Dkt. No. 1, at 2.

        This action is only the most recent salvo in a series of failed challenges by Kelly to the judgment of foreclosure that Deutsche Bank won against him in a New York state court in August 2009. In that now-ancient case, Kelly not only failed to respond to Deutsche Bank's complaint, resulting in default judgment against him, but also failed to appeal the resulting judgment of foreclosure. After the state court judgment was entered, Kelly filed a challenge to



that order before this Court, which was summarily dismissed for lack of subject matter jurisdiction, pursuant to Rule 12(h)(3) and the Rooker-Feldman doctrine. See Bey v. Supreme Court of New York, No. 13-CV-1270 ENV, 2013 WL 2304101, at *1 (E.D.N.Y. May 24, 2013) ("Kelly I").[1] Apparently aroused from his slumber, between 2010 and 2015, Kelly filed no fewer than three motions in state court, seeking vacatur of the foreclosure judgment on grounds ranging from fraud to violations of the FDCPA itself. Def. Br., Dkt. No. 11-3, at 2-6. In response to this barrage of litigation, the state court entered summary dismissals of Kelly's lawsuits, topped off with an injunction barring him from filing further motions without first receiving court permission. See Concepcion Decl., Dkt. No. 11, Exs. D, E and M. Having struck out in state court, Kelly now appears poised to become a frequent filer here, now seeking for a second time the very relief denied him the first time.

Discussion

Nothing has changed, nor will it. As plaintiffs were previously advised, this federal court lacks jurisdiction to hear claims, like those raised in the complaint, that already have been decided and lost in a state court. See Kelly I at *2-3. So, as plainly as it can be expressed, once again, all of plaintiffs' claims and their complaint are dismissed for lack of subject matter jurisdiction, pursuant to Rule 12(h)(3) and the Rooker-Feldman doctrine.[2]

---

[1] As the case caption suggests, along the way, Kelly picked up a co-litigant in the person of Ra Ma Nu Amen Bey, who, undeterred by the state court's order denying his request to intervene based on his failure to "demonstrate[] his authority to challenge the judgment of foreclosure and sale on defendant's behalf," simply appears as a pro se co-plaintiff here. Def. Br. at 4.

[2] Additionally, given that the state court foreclosure proceedings undergirding plaintiffs'

2

## Conclusion

In line with the foregoing, defendant's motion is granted. The complaint is dismissed, with prejudice to any refiling in this Court.

Although plaintiffs paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in accordance with this order and to close the case for administrative purposes.

So Ordered.

Dated: Brooklyn, New York
March 4, 2016

/s/ USDJ VITALIANO

ERIC N. VITALIANO
United States District Judge

---

complaint commenced on August 13, 2008, their claim is also plainly barred by the FDCPA's one-year statute of limitations. See 15 U.S.C. § 1692k(d). Moreover, it is equally plain that, given the facts pleaded in the complaint, Deutsche Bank is not a "business the principal purpose of which is the collection of any debts . . . *owed or due to another*," 15 U.S.C. § 1692(a)(6) (emphasis added), but is a creditor seeking to collect debts owed to it. As such, the FDCPA is completely inapplicable. See Maguire v. Citicorp Retail Services, Inc., 147 F.3d 232, 235 (2d Cir. 1998) ("As a general matter, creditors are not subject to the FDCPA.").

3